# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Jeffery Boyer,

    Plaintiff,

v.

Commissioner of Social Security

    Defendant.

Case No. 1:16cv644

Judge Michael R. Barrett
Magistrate Judge Stephanie K. Bowman

## **ORDER**

This matter is before the Court upon the Magistrate Judge's May 1, 2017 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 15).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 16). The Commissioner filed a response. (Doc. 17).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except as necessary to respond to Plaintiff's objections.

### A. <u>Disability Finding at Age 50</u>

Plaintiff argues that the Magistrate Judge erred in failing to find Plaintiff disabled as of his 50th birthday or "some medically determinable point in time prior to January 26, 2013, also based on the grid system." (Doc. 16, PageID 1313).

Upon review of the record, the undersigned agrees with the Magistrate Judge that Plaintiff raised for the first time in his reply memorandum that the ALJ should have applied Grid 201.10 to find him disabled as of his 50th birthday. Accordingly, to the extent Plaintiff asks the Court to find him disabled based upon the grid system, his argument is waived. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008).

However, regardless of whether the grid system is applicable, the result does not change. As the Magistrate Judge correctly pointed out, the standard of review is not whether substantial evidence exists in the record to support a different conclusion, but rather the decision is supported by substantial evidence. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). Plaintiff apparently views the ALJ's determination that he did not became disabled until January 26, 2013 as arbitrary, and he asks the Court to remand for further proceedings to determine "the medically determinable point in time at which Plaintiff became disabled." (Doc. 16, PageID 1314). In other words, Plaintiff asks the ALJ to substitute one "arbitrary" date for, arguably, another "arbitrary" date.

Moreover, as the Magistrate Judge correctly explained, even if the Court applied the grid system to determine whether Plaintiff was disabled sometime after he turned 50, the result would not change. The grid system mandates a finding of disability if a claimant is limited to sedentary work. Rule 201.02. Here, there is substantial evidence in the record to support the limitation of "light" work and thus, Plaintiff's argument is without merit.

Accordingly, Plaintiff's objections as to this issue are **OVERRULED**.

B. <u>**Weight Given to Medical Sources**</u>

Plaintiff argues the ALJ failed to provide deference to Dr. Bohinc's history with Plaintiff, and failed to perform a deferential weight analysis.

The Magistrate Judge addressed this same argument in her R&R, and the Court finds no error in the Magistrate Judge's conclusion that the ALJ adequately explained the weight given to Dr. Bohinc's opinions.

As the Sixth Circuit has explained:

> In assessing the medical evidence supplied in support of a claim, there are certain governing standards to which an ALJ must adhere. Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule. *See* Soc. Sec. Rul. 96–2p, 1996 WL 374188 (July 2, 1996); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Because treating physicians are "the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone," their opinions are generally accorded more weight than those of non-treating physicians. 20 C.F.R. § 416.927(d)(2). Therefore, if the opinion of the treating physician as to the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record," then it will be accorded controlling weight. *Wilson*, 378 F.3d at 544. When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors. *Id*.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (footnote omitted).

Here, the ALJ found that Dr. Bohinc's opinions were not entitled to controlling weight due to the conclusory nature of many of his opinions, and the fact they were inconsistent with other substantial evidence in the record. Nevertheless, Plaintiff argues the ALJ failed to follow the

3

proper regulatory scheme, specifically arguing the ALJ did not analyze the regulatory factors to be considered when a treating physician's opinion is not given controlling weight. The Court disagrees.

As the Magistrate Judge explained, an ALJ need not engage in "an exhaustive factor-by-factor" analysis. (Doc. 15, PageID 1302) (citing *Francis v. Com'r of Soc. Sec.*, 414 Fed. Appx. 802, 804 (6th Cir. 2011). Here, there is no indication the ALJ did not consider the relevant factors outlined in 20 C.F.R. § 404.1527. Indeed, the ALJ acknowledged the length of Dr. Bohinc's treatment relationship, relying on treatment notes from various years dating back to August 2006. (Tr. 88). The ALJ's decision also considers the nature and extent of the treatment relationship, referencing Dr. Bohinc's opinions and treatment recommendations over the years. (Tr. 83-84, 86, 88). While the ALJ did not do a factor-by-factor analysis, the decision nevertheless considers the relevant factors throughout the decision. Thus, upon review, the Court finds the ALJ discounted Dr. Bohinc's opinion after proper consideration of the regulatory factors.

Moreover, there is no evidence the ALJ more harshly criticized Dr. Bohinc's opinions as Plaintiff argues. Instead, the ALJ refused to give weight to Dr. Bohinc's conclusory opinion that Plaintiff "cannot work at this time." As the Magistrate Judge correctly explained, opinions on the ultimate determination of disability are expressly "reserved to the Commissioner." (Doc. 15, PageID 1298) (citing 20 C.F.R. § 404.1527(d)).

Upon review, the Court finds the ALJ sufficiently explained the weight given to all of Dr. Bohinc's opinions. Plaintiff's objections as to this issue are **OVERRULED**.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's May 1, 2017 R&R. (Doc. 15). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                              _s/Michael R. Barrett_
                                              Michael R. Barrett, Judge
                                              United States District Court